IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERI WOODS PUBLISHING, L.L.C., et al., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 11-06341 |
| | : | |
| WILLIAMS, et al., | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                       June 29, 2012

Presently before this Court is Plaintiffs, Teri Woods and Teri Woods Publishing, L.L.C.'s ("Plaintiffs"), Motion to Vacate the Dismissals of Defendants, Carl Weber and Urban Knowledge Bookstore, L.L.C. (collectively "Weber"). For the reasons set forth below, this Motion is denied.

**I.      BACKGROUND**

Plaintiff is an author and the sole owner of the book publishing company, Teri Woods Publishing L.L.C. (Compl. at p. 2.) Plaintiffs have written and hold the copyright for three books. (Id.) Weber is a seller of books. (Id. at p. 3). Plaintiffs brought suit on October 11, 2011, alleging various claims against Weber stemming from the sale of copyrighted books authored by Plaintiff.[1] (Id. at pp. 5-15.)

Weber filed a Motion to Dismiss on March 19, 2012. Plaintiffs failed to respond within the requisite time period and we dismissed the claim against Weber on May 1, 2012. (See Doc.

---

[1] These claims include: Copyright Infringement, Civil Conspiracy, Unjust Enrichment, Invasion of Privacy (False Light) and Civil Rights Violations.

Nos. 34 & 35.)  Plaintiffs filed a Motion to Vacate the dismissal against Weber on May 31, 2012.

## II.    STANDARD OF REVIEW[2]

Federal Rule of Civil Procedure 60 empowers courts, in certain circumstances, with the discretion to grant relief from a judgment or an order.  See Fed. R. Civ. P. 60.  "The general purpose of Rule 60. . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  Curran v. Howmedica Osteonics, 425 Fed. Appx. 164, 166 (3d Cir. 2011) (quoting Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978).  Due to the strong interest in the finality of judgments, courts must only grant relief from a judgment in "exceptional circumstances."  Id. at 166.

Rule 60(a) allows a court, *sua sponte* or by motion, to "correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  The rule can only be invoked to correct errors that are "mechanical in nature, apparent on the record, and not involving an error of substantive judgment."  Pfizer Inc. v. Uprichard, 422 F.3d 124, 130 (3d Cir. 2005) (citing Mack Trucks, Inc. v. Int'l Union, UAW, 856 F.2d 579, 594 (3d Cir. 1981)).

Rule 60(b)(1) allows a court to relieve a party of a final judgment for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  The court must look at the totality of the circumstances in determining whether a party, who has failed to timely respond, is entitled to relief from dismissal due to "excusable neglect."  George Harms

---

[2]Plaintiffs' brief is utterly devoid of any mention of any rule or caselaw in support of their bare assertion of "clerical error and/or excusable neglect."  We believe Plaintiffs are attempting to invoke Federal Rule of Civil Procedure 60 and proceed from this premise.

Construction Co., Inc. v. Chao, 371 F.3d 156, 163 (3d Cir. 2004).  Specifically, courts must examine the following four factors: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay and whether it was within the movant's control; and (4) whether the movant acted in good faith. Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007).  At all times, the movant bears the burden of establishing "excusable neglect."  Ethan Michael, Inc. v. Union Twp., 392 Fed.Appx. 906, 909 (3d Cir. 2010).

### III.    DISCUSSION

Plaintiffs' Motion to Vacate includes several additional claims that go toward the merits of the case.  In light of our denials of Plaintiffs' Motion to Vacate, it is unnecessary to examine these claims.

Now, we proceed with our legal analysis regarding Plaintiffs' prayer for relief due to a "clerical error" and/or their own "excusable neglect."  As previously noted, although Plaintiffs' Motions fail to list any law or judicial decision in support of this request for relief, we interpret their use of "clerical error and/or excusable neglect" as an attempt to utilize Rule 60(a) and Rule 60(b)(1).  See Fed. R. Civ. P. 60(a) & (b)(1).

####    A.    Rule 60(a) is Inapplicable to this Case

Plaintiffs seek to vacate our Order dismissing the claims against Weber due to clerical error, but have failed to set forth any specific instance of such an error occurring in this case. Even in spite of this deficiency, Rule 60(a) does not operate to offer the type of relief that Plaintiffs seek.  The ambit of Rule 60(a) is only to correct "a clerical error, a copying or [a] computational mistake."  Pfizer, Inc. v. Uprichard, 422 F.3d 124, 130 (3d Cir. 2005) (citing In re

W. Tex. Mktg., 12 F.3d 497, 504-05 (5th Cir. 1994)).  Here, Plaintiffs seek to use this rule to vacate our Order dismissing the claim.  However, we fail to find any clerical error and note that such relief is not within the purview of Rule 60(a).  Thus, Rule 60(a) is inapplicable to the case at hand.

    **B.**  **Plaintiffs' Inaction Does Not Amount to Excusable Neglect**

    In addition, Plaintiffs ask this Court to vacate the dismissal of Weber on account of Plaintiffs' own excusable neglect.  In order to garner relief for excusable neglect, Plaintiffs bear the burden of satisfying the aforementioned four factor test.  See Nara v. Frank, 488 F.3d at 194.  Here, Plaintiffs baldly assert that there was excusable neglect without proffering any legal or factual support.  The absence of this required information renders Plaintiffs' claim woefully short.

    Despite Plaintiffs' factually deficient Motion, we undertake the necessary four factor analysis to complete the record.  First, Weber would suffer additional prejudice in time and money if the litigation was re-opened.  Next, Plaintiffs' failure to answer the Motion to Dismiss by Weber has hampered and delayed the judicial proceedings.  Specifically, a total of 74 days has passed between Weber's Motion to Dismiss, our Order dismissing the complaint and Plaintiffs' Motion to Vacate.  Third, Plaintiffs have failed to set forth any reason to explain their neglect.  In the absence of some reason as to the Plaintiffs' untimeliness, it is impossible for us to excuse such conduct.  Additionally, Plaintiffs never requested an extension of time to file an answer.  Finally, Plaintiffs have failed to present any evidence that they have acted in good faith.  See Boone v. Brown, No. 05-750, 2008 WL 4934025, at *3 (D. N.J. Nov. 14, 2008) (plaintiff's failure to assert an adequate reason for delay undermines his good faith).  Analyzing these factors

under a totality of the circumstances, we find that Plaintiffs have failed to meet their required burden.  Accordingly, we deny Plaintiff's claim for excusable neglect.

### III.     CONCLUSION

For the reasons previously set forth, Plaintiffs' Motion to Vacate our Order dismissing the Complaint against Weber is DENIED.

An appropriate Order follows.