IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERI WOODS PUBLISHING, L.L.C., et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | No.  11-6341 |
| WILLIAMS, et al., | : | |
| Defendants. | : | |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                              July  6, 2012

    Presently before this Court is Plaintiffs, Teri Woods and Teri Woods Publishing, L.L.C.'s (collectively "Plaintiffs"), Motion to Vacate the Dismissals (Doc. 44) of Defendants, DeSean Williams ("Williams") and Harlem Bookstores ("Harlem").  For the reasons set forth below, this Motion is denied in part and granted in part.

**I.  BACKGROUND**

    Plaintiff is an author and the sole owner of the book publishing company, Teri Woods Publishing L.L.C.  (Compl. at p. 2.)  Plaintiffs have written and hold the copyright for three books.  (Id.)  Williams, is an adult male individual, who Plaintiffs allege is "the mastermind behind the unlawful and improper counterfeiting of (Plaintiffs') copyrighted literary works."  (Id. at p. 3).  Harlem is a seller of books that Plaintiffs allege engaged in the "unlawful distribution and/or sale of (Plaintiffs') copyrighted works."  (Id.)

    Plaintiffs brought suit on October 11, 2011, alleging various claims against Williams and

Harlem stemming from the sale of copyrighted books authored by Plaintiff.[1]  (Id. at pp. 5-15.)  On May 22, 2012, we dismissed Plaintiffs' claims against Williams and Harlem due to Plaintiffs' failure to effectuate service as required by Federal Rules of Civil Procedure 4.  See Doc. 37 & Fed. R. Civ. P. 4.  Just short of a month later on June 17, 2012, Plaintiffs submitted a Motion to Vacate the Order of this Court dismissing the claims against Williams and Harlem.  See Doc 44.

## II.    STANDARD OF REVIEW

Where a plaintiff fails to serve a defendant within 120 days of filing the complaint, it is within the discretion of the court to grant an extension of time.  Gonzalez v. Thomas Built Buses, Inc., 268 F.R.D. 521, 526 (M.D. Pa. 2010).  In determining whether to grant an extension, the United States Court of Appeals for the Third Circuit ("Third Circuit") has set forth a two-part test.  Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).  Initially, the court must ascertain whether good cause exists for an extension.  Id.  If the court finds good cause then it must grant an extension of time for service.  Id.; Fed. R. Civ. P. 4(m).  The standard for good cause is similar to excusable neglect.  Dominic v. Hess Oil V.I. Corp., 841 F.2d 513, 517 (3d Cir. 1988).  Specifically to find good cause, the plaintiff must demonstrate good faith and a reasonable basis for their failure to comply within the specified time limit.  M.C.I. Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995).  However, where there is an absence of good cause, the court may in its discretion decide whether to dismiss the case without prejudice or extend the time for service.  Id.; see also Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997).

---

[1] These claims include: Copyright Infringement, Civil Conspiracy, Unjust Enrichment, Invasion of Privacy (False Light) and Civil Rights Violations.

**III.   DISCUSSION**

This case presents two issues for the Court to decide: (A) whether a plaintiff's mistaken reliance on a process server to effectuate service of process constitutes good cause, and (B) whether a dismissal should be vacated where plaintiff effectuated service of process on defendant but failed to notify the court. We discuss each issue in turn.[2]

    **A.   Plaintiffs failed to effectuate service of process on Williams**

Plaintiffs assert that since they acted in good faith in attempting to serve Williams, the Court's Order dismissing the claims against him should be vacated. The record shows that Plaintiffs were granted an enlargement of sixty days to serve Williams on February 6, 2012. See Doc. 10. One-hundred and seven days later, we dismissed Plaintiffs' claims for failure to make service on May 22, 2012. See Doc. 37. In their current Motion, Plaintiffs concede that they should have filed a second motion for enlargement and attribute the failure to serve Williams on Plaintiffs' mistaken belief that the Union County Sheriff would render service. In such situations, the focus of judicial inquiry is on whether there was a lack of oversight by counsel. Braxton v. Dept. of Health & Human Serv., 817 F.2d 238, 242 (3d Cir. 1987).

The language of Rule 4(m) is clear. When a defendant is not served within the prescribed time limit, the court must dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). However, if a plaintiff can show good cause, we must extend the time period for service. Id. Here, Plaintiffs admit, and the record confirms, that they failed to serve Williams within the sixty day enlargement. In light of the Plaintiffs' inexcusable delays and the prejudicial effects granting an extension would have on the remaining

---

[2] We note that Plaintiffs' cite to relevant rules or caselaw only twice in their Motion.

Defendants in this lawsuit, we decline to utilize our discretion to grant another enlargement. Thus, dismissal without prejudice is proper unless the Plaintiffs can show good cause.

In this case, Plaintiffs cite their good faith in relying on the Union County Sheriff to properly serve Williams as grounds for relief from our Order dismissing the claims against Williams. However, good faith alone does not equal good cause. M.C.I. Telecommunications Corp., 71 F.3d at 1097. Good cause requires a plaintiff to show good faith plus a reasonable basis for their failure to comply within the specified time limit. Id. Even assuming arguendo that good faith does exist, Plaintiffs have not shown a reasonable basis for their failure. Our finding is supported by Third Circuit law which has declared that relying on the word of a process server does not constitute good cause. Lovelace v. Acme Markets, Inc., 820 F.2d 81, 83 (3d Cir. 1987); see also Smith v. I.C.I. Americas, Inc., 145 F.R.D. 45, 84 (D.C. Del. 1992). In Lovelace, a factually similar case, the Third Circuit reached this conclusion based on the fact that it is plaintiff's burden to ensure proper and timely service, and the recognition that the Federal Rules demand diligent attention to ensure timely service of process. Lovelace, 820 F.2d at 84. This holding is consistent with the ample judicial precedent undeniably evincing that Rule 4(m) does not act to remedy the lack of diligence or inadvertence of counsel.[3] Braxton, 817 F.2d at 242; Lovelace, 820 F.2d at 83; Smith, 145 F.R.D. at 84. Here, Plaintiffs' neglect has proven fatal to their claim. Accordingly, Plaintiffs' Motion is denied as to Williams.

---

[3]Legal commentary has advised that the time limit should be treated with "the respect reserved for a time bomb." See Siegel, *Practice Commentary on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) with Special Statute of Limitations Precautions*, 96 F.R.D. 88, 109 (1983).

**B.     Plaintiffs have effectuated service of process on Harlem[4]**

The Federal Rules demand that the plaintiff must provide proof of service to the court. Fed. R. Civ. P. 4(l)(1). In this case, Plaintiffs failed to notify this Court that Harlem was served, and unbeknownst to this fact, we dismissed the claims. See Doc. 37. However, Plaintiffs have accompanied their current Motion with an Affidavit of Service showing that Harlem was properly served on February 15, 2012. See Doc. 43. Rule 4 provides that failure to prove service does not affect the validity of service. Fed. R. Civ. P. 4(l)(3). Rather, in such situations, the court may permit the amending of proof of service. Id. Thus, we exercise our discretionary powers to find that Harlem has been properly served.

Rule 60 allows a court to grant relief from final judgment on grounds of "mistake, inadvertence, surprise and/or excusable neglect." Fed. R. Civ. P. 60(b)(1). Although Plaintiffs fail to assert this rule, we find Plaintiffs' mistake (failing to inform the Court by filing their proof of service) within our power to grant relief and its exercise consistent with the meaning and purpose of Rule 4. Accordingly, we hold that Harlem has been properly served and vacate our Order dismissing the claims for failure to properly serve.

**III.   CONCLUSION**

For the reasons stated above, we find that Plaintiffs' Motion to Vacate our previous Order dismissing the claims is DENIED as to Williams, and GRANTED as to Harlem.

An appropriate Order follows.

---

[4] The situations involving Williams and Harlem are factually different. Service of process was never effectuated as to Williams, whereas, process was served on Harlem. However, Plaintiffs failed to notify the Court of the service.